IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTHONY DIAZ,** individually, and on behalf of others similarly situated,<br><br>　　　　　　**Plaintiff,**<br>vs.<br><br>**190 MAIN STREET ASSOCIATES, L.L.C., JP MANAGEMENT GROUP, LLC, JOHN PJETERNIKAJ SR.,** and **JOHN PJETERNIKAJ JR.,**<br><br>　　　　　　Defendants. | Case No. |

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff **ANTHONY DIAZ**, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, **BROWN, LLC**, hereby brings this Collective and Class Action Complaint against Defendants, **190 MAIN STREET ASSOCIATES, L.L.C., JP MANAGEMENT GROUP, LLC, JOHN PJETERNIKAJ SR.,** and **JOHN PJETERNIKAJ JR.,** (hereinafter referred to as "Defendants"), and states as follows:

## INTRODUCTION

1.　　Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. §516, *et seq.*

2.　　In addition, Plaintiff also brings this action, individually and as a Rule 23 class action on behalf of all others similarly situated Superintendents to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a

result of Defendants' violation of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*, and any other claims that can be inferred from the facts set forth herein.

3.      Finally, Plaintiff brings individual claims under the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3) and the Conscientious Employees' Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.* based on Defendants' termination of his employment in response to Plaintiff complaining to Defendants about their failure to pay him overtime compensation, as alleged herein, and seeks to recover lost wages, front pay, liquidated damages, punitive damages, and reasonable costs and attorneys' fees.

4.      Defendants collectively operate a property management group that owns and manages several residential properties in New Jersey.

5.      Defendants employ(ed) Superintendents, including Plaintiff, to provide maintenance and repairs to their properties.

6.      Defendants violated the FLSA and NJWHL by requiring Superintendents to work over forty (40) hours per week but failing to pay them for hours worked in excess of forty (40).

7.      As a result, there were many weeks in which Plaintiff worked in excess of forty (40) hours in a workweek without being paid an overtime premium at a rate not less than one and one half (1.5) times of Plaintiff's regular rate of pay.

8.      Plaintiff brings this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) of all Superintendents employed by Defendants as hourly employees for relief for violation of the FLSA, as a collective action, defined as follows:

> *All Superintendents who work(ed) for the Defendants at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

9.      Plaintiff seeks to send a notice pursuant to 29 U.S.C. § 216(b) to all Superintendents of Defendants permitting them to assert FLSA claims in this collective action by

filing consent forms.

10.     Plaintiff asserts his NJWHL claims not only individually, but also on behalf of a putative NJWHL class pursuant to Fed. R. Civ. P. 23, defined as:

> All Superintendents who work(ed) for the Defendants in New Jersey at any time during the period of two (2) years prior to the commencement of this action through the date of judgment.

11.     Defendants willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

13.     The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because they derive from a common nucleus of operative facts as Plaintiff's federal claim.

14.     The Court has personal jurisdiction over Defendants because they are incorporated and headquartered in New Jersey.

15.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because Defendants reside in this district and because a substantial portion of the events or omissions that give rise to the Plaintiff's claim occurred in this district.

## PARTIES

16.     Defendant 190 MAIN STREET ASSOCIATES, L.L.C. is a limited liability company registered in New Jersey.

17.     Defendant 190 MAIN STREET ASSOCIATES, L.L.C.'s principal place of

business is located at 190 Main Street, Suite 401, Hackensack, NJ 07601-7316.

18.     Defendant 190 MAIN STREET ASSOCIATES, L.L.C.'s designated agent for service of process is Laurence D. Raiss, 100 Executive Drive, Suite 210, West Orange, New Jersey 07052-3317.

19.     Defendants JP MANAGEMENT GROUP, LLC is a limited liability company registered in New Jersey.

20.     Defendant JP MANAGEMENT GROUP, LLC's principal place of business is located at 190 Main Street, Suite 401, Hackensack, NJ 07601-7316.

21.     Defendant JP MANAGEMENT GROUP, LLC's designated agent for service of process is Incorp Services, Inc., 208 West State Street, Trenton, New Jersey 08608-1009.

22.     JOHN PJETERNIKAJ SR. is an adult resident of New Jersey who resides at 44 Oak Road 1, Saddle River, New Jersey 07458-3012.

23.     JOHN PJETERNIKAJ JR. is an adult resident of New Jersey who resides at 19 Sleepy Hollow Road, Upper Saddle River, New Jersey 07458-1213.

24.     JOHN PJETERNIKAJ SR. and JOHN PJETERNIKAJ JR. own, manage, and exercise day-to-day, operational control over 190 MAIN STREET ASSOCIATES, L.L.C. and JP MANAGEMENT GROUP, LLC.

25.     Plaintiff Anthony Diaz is a resident of Clark, New Jersey, and signed a consent form, attached as **Exhibit A**, to join this lawsuit.

26.     Defendants employed Plaintiff as a Superintendent from approximately April 2016 to January 10, 2018.

27.     Plaintiff's rate of pay was $20 per hour.

28.     Plaintiff's job duties as a Superintendent consisted of providing maintenance and

repair to Defendants' properties.

## FACTUAL ALLEGATIONS

29.    Defendants are Plaintiff's "employer" within the meaning of all applicable statutes within the meaning of 29 U.S.C. § 203(d), N.J.S.A. 34:11-56a1(g) and N.J.S.A. 34:11-4.1a..

30.    Plaintiff and other Superintendents were "employees" of Defendants within the meaning of New Jersey Statutes Ann. §§ 34:11-4.1(b), N.J.S.A. 34:11-56a1(h) and 29 U.S.C. § 203(e)(1) of the FLSA.

31.    Defendants were and continue to be "an enterprise engaged in commerce" within the meaning of the FLSA.

32.    Defendants have an annual gross business volume in excess of $500,000.

33.    Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as tools and supplies.

34.    Defendants "suffered or permitted" Plaintiff and other Superintendents to work and thus "employed" them within the meaning of New Jersey Statutes Ann. §§ 34:11-4.1 and 29 U.S.C. § 203(g) of the FLSA.

35.    At all times, Superintendents were hourly-paid employees who performed duties that are not exempt from the FLSA and NJWHL.

36.    Superintendents regularly worked over forty (40) hours per week.

37.    In workweeks where Plaintiff and other Superintendents worked more than forty (40) hours, Defendants failed to pay them for hours worked in excess of forty (40).

38.    As a result of Defendants' common unlawful policies, Superintendents were not

properly compensated for overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week

39.     Superintendents have been subjected to the common unlawful policies and practices of Defendants as stated herein that violated the FLSA and NJWHL.

40.     Defendants have maintained control, oversight, and day-to-day supervision over Plaintiff's and all other Superintendents' work schedules, assignments, duties, and employment conditions including the promulgation and enforcement of policies affecting the payment of their overtime compensation.

41.     Defendants failed to take reasonable steps to determine whether its pay practices were compliant with the FLSA and NJWHL.

42.     In addition, Defendants failed to keep accurate records of total number of hours actually worked by employees each workweek and thus Superintendents were not properly paid for all hours worked.

43.     The FLSA requires employers to maintain records of all hours worked and wages paid to employees. 29 U.S.C.A. § 211(c). The NJWHL has similar requirements in its record-keeping provision. *Adami v. Cardo Windows, Inc.*, CIV. 12-2804 at *4 (D.N.J. July 23, 2013).

44.     In December 2017, Plaintiff complained to Defendants about their failure to pay him for hours worked in excess of forty (40) in a workweek.

45.     On or about January 10, 2018, Defendants terminated Plaintiff's employment as a result of his complaint about not receiving pay for hours worked in excess of forty (40) in a workweek.

46.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were

not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments or bureau.

47.     Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiff proper overtime compensation. As set forth herein, other prior and current Superintendents were subjected to the same wrongful policies, practices, and/or procedures.

## COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

49.     Plaintiff asserts the foregoing violations not only individually, but collectively pursuant to 29 U.S.C. 216(b) on behalf of the "FLSA Collective," defined as:

> *All Superintendents who worked for the Defendants at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

50.     FLSA Collective members worked more than forty (40) hours in many weeks but were not paid for hours worked in excess of forty (40).

51.     As a result of the foregoing policies, there were many weeks in which Defendants failed to compensate members of the FLSA Collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the FLSA.

52.     Plaintiff brings this Collective Action against Defendants to recover unpaid

overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

53.     With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

54.     The Collective Action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

55.     Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the putative members of the FLSA Collective permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

56.     The precise number and identities of Collective members should be readily available from a review of Defendants' personnel and payroll records.

57.     Defendants are aware that the FLSA applies to their business and they are required to adhere to the rules under the FLSA.

58.     Defendants' conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

### RULE 23 NEW JERSEY CLASS ACTION ALLEGATIONS

59.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

60.     Plaintiff seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf the class defined below, based on Defendants' common

policies and practices which include failure to properly pay for all hours worked resulting in a deprivation of overtime time wages, in violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*

61.     Plaintiff brings this Rule 23 class action as to the NJWHL claims on behalf of:

> *All Superintendents who work(ed) for the Defendants in New Jersey at any time during the period of two (2) years prior to the commencement of this action through the date of judgment.*

62.     The members of the Rule 23 class are so numerous that joinder of all Class members in this case would be impractical. Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

63.     There is a well-defined community of interest among Class members and common questions of law and fact predominate in this action over any questions affecting each individual Class member. These common legal and factual questions, include, but are not limited to, whether Class members were properly compensated for all their hours at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

64.     Plaintiff's claims are typical of those of the Class members in that they and all other Class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to compensate members of the Class for time at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the FLSA. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and

separate litigation would cause a risk of inconsistent results.

65.     Plaintiff is employed by Defendants in the same capacity as all of the Class members. All Class members are/were treated the same or similarly by management with respect to pay or lack thereof. Thus, there are common questions of law and fact which are applicable to each and every one of the Class members.

66.     Plaintiff will fully and adequately protect the interests of the Class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the Class members.

67.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff's claim arises from the same legal theories as all other Class members. Therefore, this case will be more manageable and efficient as a Class action. Plaintiff and his counsel know of no unusual difficulties in this case.

### COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

68.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

69.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

70.     Plaintiff and other Superintendents regularly worked in excess of forty (40) hours per workweek.

71.     Defendants violated its statutory obligations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to pay Plaintiff and other Superintendents overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the FLSA.

72.     Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

73.     Defendants have an obligation under the FLSA to maintain accurate records of time worked by employees.

74.     Defendants failed to maintain accurate time records of all hours worked by Plaintiff, and other similarly situated employees, and in fact intentionally created and/or knowingly maintained, inaccurate time records.

75.     Defendants' failure to pay Superintendents overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

76.     As a result of Defendants' uniform policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of proper overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

77.     Because Defendants willfully violated the FLSA, a three (3) year statute of

limitations applies to such violation pursuant to 29 U.S.C. § 255(a).

78.     Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

**COUNT II**
**(29 U.S.C. § 216(b) Individual Claim)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME**

79.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

80.     Plaintiff regularly worked in excess of forty (40) hours per workweek.

81.     Defendants failed to compensate Plaintiff for overtime hours at a rate of not less than one and one half (1.5) times of their regular rate of pay for all hours worked in excess of forty (40) per workweek, as required by the FLSA.

82.     Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

83.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

84.     As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT III**
**(Fed R. Civ. P. 23 Class Action)**
**Violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq.**
**FAILURE TO PAY OVERTIME**

85.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

86.     N.J.S.A. § 34:11-56a4 provides "every employer shall pay to each of his

12

employees' wages at a rate of not less…. … … 1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week."

87.     Plaintiff and Rule 23 class members regularly worked over forty (40) hours a week as required by Defendants.

88.     Defendants failed to properly compensate Plaintiff and the Rule 23 class members for overtime hours at a rate of not less than one and one half (1.5) times of their regular rate of pay for all hours worked in excess of forty (40) per workweek, as required by the NJWHL.

89.     Plaintiff and the Rule 23 class members are entitled to their overtime wages pursuant to New Jersey's wage and hour laws, N.J.S.A. 34:11-56a4.

90.     Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

91.     As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

**COUNT IV**
**(Individual Claim)**
**Violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.***
**FAILURE TO PAY OVERTIME**

92.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

93.     Plaintiff regularly worked more than forty (40) hours per week for Defendants and failed to received overtime pay at a rate of less than one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the NJWHL.

94.     The NJWHL requires employers to pay overtime compensation at the rate of one

and one-half times each employee's regular hourly rate for all hours worked in excess of forty (40) hours in any given work week.

95.     Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

96.     As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to NJWHL.

**COUNT V**
**(Individual Claim)**
**(FLSA, 29 U.S.C. § 215(a)(3), Individual Claim)**
**<u>RETALIATION</u>**

97.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

98.     Section 215 of the FLSA provides in relevant part:

> (a)  … [I]t shall be unlawful for any person—
> …
> (3)   to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act …, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

99.      In a recent opinion addressing Section 215(a)(3), the Supreme Court held:

> To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. This standard can be met, however, by oral complaints, as well as by written ones.

*Kasten v. Saint-Gobain Performance Plastics Corp*., 563 U.S. 1, 14, 131 S. Ct. 1325, 1335 (2011).

100.    To establish a prima facie claim of retaliation under the FLSA, a plaintiff must show: (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. *See Cononie v. Allegheny Gen. Hosp.*, 29 Fed. App'x 94, 95 (3d Cir. 2002).

101.    Plaintiff "filed a complaint" with Defendants regarding Defendant's FLSA violations, within the meaning of 29 U.S.C. § 215(a)(3).

102.    Defendants discriminated against Plaintiff for filing his complaint.

103.    Defendants discharged Plaintiff for filing his complaint.

104.    As a result of the foregoing, Plaintiff is entitled to recovery of lost wages, liquidated damages, punitive damages costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

### COUNT VI
#### (Individual Claim)
#### (CEPA, N.J.S.A. 34:19-1 *et seq.*, Individual Claim)
#### RETALIATION

105.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

106.    CEPA was enacted to "protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct." *Abbamont v. Piscataway Twp. Bd. of Educ*, 138 N.J. 405, 431, 650 A.2d 958, 971 (1994).

107.    To effectuate that aim, the statute provides, in relevant part:

An employer shall not take any retaliatory action against an employee because the employee ... [d]iscloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer ... that the employee reasonably believes ... is in violation of a law.

N.J.S.A. 34:19-3(a)(1).

108.    A retaliatory action is defined as "the discharge, suspension or demotion of an employee, or other adverse employment action taken against an employee in the terms and conditions of employment." N.J.S.A. 34:19-2(e).

109.    To establish a cause of action for retaliation under CEPA, a plaintiff must demonstrate four elements: (1) he had a reasonable belief that his employer's conduct violated a law, regulation, or clear mandate of public policy; (2) he performed a "whistle-blowing" activity under the act; (3) the employer took an adverse employment action against the plaintiff; (4) a causal connection exists between the whistle-blowing activity and the adverse employment action. *Dzwonar v. McDevitt*, 177 N.J. 451, 828 A.2d 893, 900 (N.J. 2003)

110.    Plaintiff reasonably believed that Defendants' failure to pay him for hours worked in excess of forty (40) in a workweek violated the FLSA and NJWHL.

111.    Plaintiff performed a "whistle-blowing" activity under CEPA by complaining to Defendants in December 2017 about their failure to pay him for hours worked in excess of forty (40) in a workweek.

112.    Defendants took an adverse actions against Plaintiff by terminating his employment.

113.    Defendants' termination of Plaintiff's employment was caused by his complaining to Defendants about their failure to pay him for hours worked in excess of forty (40) in a workweek.

114.    As a result of the foregoing, Plaintiff is entitled to recovery of lost wages,

liquidated damages, punitive damages costs, and reasonable attorney's fees pursuant to N.J. Stat. § 34:19-13.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a *et seq.*

(C) An Order for injunctive relief ordering Defendants to comply with the FLSA and NJWHL and end all of the illegal wage practices alleged herein;

(D) An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) An Order certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NJWHL claims set forth herein;

(F) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all putative FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all putative FLSA Collective and Rule 23 class members, including the publishing of notice in a manner

that is reasonably calculated to apprise the FLSA Collective and Rule 23 class members of their rights by law to join and participate in this lawsuit;

(H) Designating Lead Plaintiff as the representative of the FLSA Collective members and Rule 23 class members in this action;

(I) Designating the undersigned counsel as counsel for the FLSA Collective members and Rule 23 class members in this action;

(J) Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA Collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for all unpaid overtime compensation and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the NJWHL, N.J.S.A. 34:11-56a et seq.;

(L) An incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective and Rule 23 class members in this action;

(M) Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

(N) Declaring Defendants violated and that said violations were intentional, willfully oppressive, fraudulent and malicious;

(O) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and NJWHL;

(P) Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective and Rule 23 class members may be entitled;

(Q) Judgment for damages against all Defendants, jointly and severally, for all lost

wages, front pay, liquidated damages, punitive damages to which Plaintiff is lawfully entitled under 29 U.S.C. § 215(a)(3);

(R) Judgment for damages against all Defendants, jointly and severally, for all lost wages, front pay, liquidated damages, punitive damages to which Plaintiff is lawfully entitled under CEPA; and

(S) Awarding such other and further relief as this Court deems necessary, just and proper.

## **JURY DEMAND**

Plaintiff, Anthony Diaz, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: January 4, 2019

By: /s/ *Jason T. Brown*

Jason T. Brown
**BROWN, LLC**

111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com

*Counsel for Plaintiff*