**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTHONY DIAZ,** | |
| **Plaintiff,** | **Civil Action No.: 19-00127 (JAD)** |
| v. | |
| **190 MAIN STREET ASSOCIATES, L.L.C., et al.** | **ORDER** |
| **Defendants.** | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court by way of Defendants' motion for approval of the parties' settlement agreement, (ECF No. 21), as well as Defendants' motion to seal. (ECF No. 23). Having carefully considered Defendants' submissions, and Plaintiff not having filed any response to either motion; and for good cause shown; and

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

**WHEREAS**, in this action, Plaintiff alleges that Defendants failed to pay him overtime and ultimately terminated his employment in retaliation for his complaints regarding that unpaid overtime. (See generally Compl., ECF No. 1). Plaintiff therefore filed a Complaint asserting individual claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and various New Jersey state statutes, as well as "collective action" claims and putative class action claims based on the same statutes; (Id.); and

**WHEREAS**, on or about September 4, 2019, the parties advised the Court that they had reached an agreement to settle Plaintiff's claims on an individual basis; and

**WHEREAS**, at the Court's direction, (ECF No. 20), Defendants filed a motion seeking

the Court's approval of the parties' settlement. (ECF No. 21). Plaintiff did not file any response to that motion; and

**WHEREAS** the parties' Confidential Settlement Agreement and Release (the "Settlement Agreement") provides, in pertinent part, that Plaintiff agrees to settle his claims for a total of $47,000.00, paid as follows:

- An initial payment of $10,250.00 earmarked as relating to "unpaid wages";

- A second payment of $8,739.52 ($10,250 gross minus $1,510.48, which is the balance Plaintiff owes on a loan from Defendant J.P. Management); and

- A third payment in the amount of $26,500 – paid directly to Plaintiff's counsel – as payment for a negotiated attorneys' fee amount.

(Settlement Agreement at 2-3, ECF No. 22-2). The Settlement Agreement also provides for the parties' exchange of mutual releases. (Id. at 4-6). Finally, the Settlement Agreement contains a unilateral confidentiality provision which prohibits Plaintiff, but not Defendants, from disclosing the terms of the Agreement to anyone other than his spouse, accountants, financial advisors, or attorneys; (Id. at 11-12); and

**WHEREAS** Defendants filed the memorandum of law and attorney certification in support of their motion for approval, as well as the Settlement Agreement itself, under temporary seal. (ECF No. 22, 22-1, 22-2). Defendants filed a motion to maintain those documents under seal on December 9, 2019. (ECF Nos. 23-24). Defendants, however, also filed the attorney declaration supporting that motion to seal, as well as their proposed form of order, under temporary seal. (ECF No. 24, 24-1). Defendants have not filed a separate motion to maintain those materials under seal; and

**WHEREAS**, on or about January 21, 2020, the parties consented to have the undersigned

"conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings." (Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, ECF No. 28). The Hon. John Michael Vazquez, U.S.D.J. entered an Order referring this matter to the undersigned on the same date; (Id.); and

**WHEREAS** the undersigned conducted an in-person conference regarding the aforementioned motions on January 15, 2020; and

## MOTION FOR APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT

**WHEREAS**, the Court notes that "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Although it appears that the United States Court of Appeals for the Third Circuit has not yet addressed whether such approval is required, "'district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary'" for settlements in FLSA cases involving claims for unpaid wages. Rabbenou v. Dayan Foods, Ltd., No. 17-1330 (ES), 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017) (quoting Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015)). This includes claims settled on an individual, rather than a collective, basis. See Rabbenou, 22017 WL 3315263, at *1; Morales v. PepsiCo, Inc., No. 11-6275 (AET), 2012 WL 870752, at *1 (D.N.J. Mar. 12, 2012). "A court should approve a settlement agreement if it is fair and resolves a bona fide dispute." Castaldo v. McLoone's Asbury Park, LLC, No. 14-5741 (WJM), 2015 U.S. Dist. LEXIS 67644, at *2-3 (D.N.J. May 26, 2015); accord Rabbenou, 2017 WL 3315263, at *1; Morales, 2012 WL 870752, at *1. Moreover, "[w]hen analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements." Castaldo,

2015 U.S. Dist. LEXIS 67644, at *3 (citing Farris v. JC Penny Co., 176 F.3d 706, 711 (3d Cir. 1999)); and

**WHEREAS**, first, the Court concludes that the parties' settlement resolves a bona fide dispute. Defendants contend that those disputes include: (1) whether Plaintiff was exempt from overtime pay as an administrative employee; (2) whether Plaintiff actually worked the overtime claimed; and (3) whether Defendants' decision to terminate Plaintiff's employment was retaliatory or, conversely, based on Plaintiff's job performance. (Def. Br. at 5-6, ECF No. 22). Defendants represent that they would have litigated each of these issues had the parties not settled. (Id. at 5). The Court finds that each of these issues presents a bona fide dispute; and

**WHEREAS**, second, the Court concludes that, with one exception, the Settlement Agreement is fair and reasonable. As noted above, Plaintiff will personally receive $20,500 in value from the parties' settlement. Given Plaintiff's term of employment with Defendants (approximately 21 months) and pay rate (approximately $800.00 per week), and considering Defendants' legal and factual challenges regarding liability and Plaintiff's entitlement to damages, the Court finds that amount to be reasonable. Moreover, the parties have agreed on the attorneys' fees that Defendants will pay to Plaintiff's counsel. Defendants will make that payment directly to Plaintiff's counsel, and that payment will not impact the settlement proceeds Defendants have agreed to pay Plaintiff. Finally, the parties will exchange mutual releases. The Court finds that these terms, negotiated at arm's length between represented parties, are fair and reasonable; and

**WHEREAS** the Court finds that the Settlement Agreement's confidentiality provision, however, is not. Judges in this District have rejected confidentiality provisions in FLSA cases as running counter to the purpose of the statute, see, e.g., Brumley v. Camin Cargo Control, Inc., Civil Action No. 08-1798 (JLL), 2012 U.S. Dist. LEXIS 40599, at *18-24 (D.N.J. Mar. 26, 2012)

(noting several reasons why confidentiality provisions would be in contravention of the FLSA), and this Court agrees with that reasoning. The Court will therefore strike the confidentiality provision, (Settlement Agreement at 11-12, ECF No. 22-2), from the Settlement Agreement, but will approve the balance of the Agreement's terms; and

**MOTION TO SEAL**

**WHEREAS**, as noted above, Defendants have filed several documents under temporary seal. Those documents include the parties' Settlement Agreement and various other filings that reference the Settlement Agreement; (ECF Nos. 22, 22-1, 22-2, 24, 24-1); and

**WHEREAS** Local Civil Rule 5.3(d)(2) provides, in pertinent part, that settlement agreements submitted for judicial approval must not be sealed "absent an appropriate showing under federal law." Defendants have not addressed Local Civil Rule 5.3(d)(2) in their motion. Nor have Defendants sufficiently established any other legal basis for the relief they seek. In their motion to seal, Defendants explained that they sought confidentiality based on their "legitimate concern of serious injury due to worries that settling with Diaz will encourage other employees to assert FLSA rights and bring their own separate actions." (Decl. of Douglas Motzenbecker ¶ 8, ECF No. 24). For the reasons that the Hon. Jose L. Linares, U.S.D.J. (ret.) discussed in Brumley when discussing the propriety of confidentiality provisions in FLSA settlements, the Court finds that Defendants' objective is antithetical to the purposes of the FLSA, and does not provide a legitimate basis for sealing;

**IT IS** on this 5th day of February, 2020,

**ORDERED** that Defendants' motion for judicial approval of the parties' Settlement Agreement, (ECF No. 21), is **GRANTED IN PART AN DENIED IN PART**; and it is further

**ORDERED** that the confidentiality provision contained in Section 11 of the Settlement

Agreement, (Settlement Agreement at 11-12, ECF No. 22-2), is hereby stricken from the Settlement Agreement; and it is further

**ORDERED** that the Court approves the balance of the Settlement Agreement; and it is further

**ORDERED** that Defendants' motion to seal, (ECF No. 23), is **DENIED**. The Clerk of the Court shall unseal the following docket entries:

- 22;
- 22-1;
- 22-2;
- 24;
- 24-1; and it is further

**ORDERED** that this case is hereby **DISMISSED WITH PREJUDICE**, except that the Court will retain jurisdiction solely to enforce the terms of the Settlement Agreement. The Clerk of the Court shall close this case.

JOSEPH A. DICKSON, U.S.M.J.